COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Beales, Chafin and Malveaux
Argued at Norfolk, Virginia


TORRE A. RUSSELL, S/K/A
 TORRE ANTWAN RUSSELL

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1361-16-1                      JUDGE RANDOLPH A. BEALES
                                                    AUGUST 22, 2017

COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                              Bryant L. Sugg, Judge

               Barbara E. Rosenblatt, Senior Assistant Public Defender (Jessica
               E.B. Crossett, Deputy Public Defender, on brief), for appellant.

               Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
               Attorney General, on brief), for appellee.


        At the conclusion of a bench trial, the trial court convicted Torre A. Russell ("appellant")

of felony cruelty and injuries to a child in violation of Code § 40.1-103.  At his sentencing

hearing, the trial court sentenced appellant to five years in prison, with four years and eight

months suspended.  Appellant raises two primary arguments on appeal.  First, appellant argues

that the trial court erred in admitting an out-of-court statement made by the victim to his father

during father's direct examination by finding that the statement was an excited utterance.

Second, appellant argues that the evidence was insufficient to prove that appellant "willfully or

negligently caused [the child's] life to be endangered or his health to be injured" in violation of

Code § 40.1-103.

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

We consider the evidence on appeal "in the light most favorable to the Commonwealth, as we must since it was the prevailing party" in the trial court. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)). Steve Richardson ("father") and Shamiah Bolden ("mother") shared custody of the victim in this matter, their three-year-old child ("the child").[1] Appellant was mother's boyfriend, and the two of them shared a residence in Newport News in June 2015.

From June 28, 2015 through June 30, 2015, the child was in the custody of mother and appellant. On June 30, mother went to her job at Taco Bell, leaving the child at home with appellant as his babysitter. Later that day, appellant's mother, Chereta Braddock, drove appellant and the child to Taco Bell. Appellant's mother testified that she did not observe any bruises, scratches, or markings on the child on that day. The child sat with mother at Taco Bell while waiting for Rhonda Richardson, the child's paternal grandmother, to pick him up. Mother testified that she did not observe any injuries to her son at that time, other than that "he had red cheeks."

The paternal grandmother arrived at Taco Bell on the afternoon of June 30. When she arrived, the child was inside of another vehicle with appellant's mother. Appellant's mother then took the child out of her car and placed him in his car seat in the paternal grandmother's car. The grandmother's daughter and granddaughter were also present in the car. While the grandmother was driving, she overheard her granddaughter asking the child "about the injuries on his face." When the grandmother asked the child about his injuries, the child did not respond. Because she was driving, the grandmother stopped the car to investigate. She observed that the right side of the child's face was bruised. When she asked the child what happened, the child did

---

[1] The trial court found that the child was incompetent to testify at trial.

not respond, which she testified was not entirely unusual for him. The grandmother testified that she waited until she got home to fully examine the child. After examining the child more thoroughly, she noticed that he had additional injuries on the other side of his face. The grandmother then decided to call the child's father, who was at work, to take the boy to the hospital. She said that he "wasn't bleeding. It wasn't an emergency, but it was a situation that needed to be tended to." "[N]othing was broken, he wasn't screaming, he wasn't crying but he had facial injuries."

Father arrived to pick up the child approximately one hour after he received the call from his mother. When father saw his son, he observed that the child had a bruise on his eye, scratches on each ear, and a bruise on his arm as though someone grabbed him. Before father could ask the child about his injuries, the child began to cry. Father testified that he tried to calm the child down by telling him that "everything was okay and he wasn't in trouble." Father testified that his son "did not want to tell [him] what happened," that the child was scared, and that such behavior was unusual for his son. Only after assuring the child that he was not in trouble and asking the child, "what happened?" did the child tell his father, "Torre hit me in the eye." Father testified that his son was looking down and that he did not want to make eye contact with his father. Father asked why appellant hit him, and the child replied, "I'm not going to pee on myself never [sic] again, I'm not going to pee on myself, I promise." Appellant's counsel objected to father's testimony about statements that the child had made to him on the ground that such statements were inadmissible hearsay. The trial court ultimately overruled appellant's objection, saying, "With respect to statements made by the young man to his father, the [c]ourt is going to allow those statements in as excited utterance."

At the hospital, the child was examined by Dr. Kevin Knoop, an emergency room physician. Dr. Knoop, testifying at trial as an expert in emergency medicine, concluded that the

child's injuries were the result of "nonaccidental trauma." He opined that the types and locations of the bruising found on the child were consistent with "rough handling," but that he was not sure whether these injuries were caused by a strike or a grab.

Katrina Parks was an emergency room nurse who also treated the child. She testified at trial, "I asked [the child] what happened. He told me that he had been grabbed. To me the pattern on the arm did look like he could have been grabbed in my opinion. And then I took a look inside his mouth because he told me his mouth was hurt and I observed some blood inside his cheek." Nurse Parks also testified that the child told her that "Torre [appellant] hit me." Appellant objected and asserted that the statement concerning who had struck the child constituted inadmissible hearsay. The Commonwealth then argued that the statement was admissible either as an excited utterance or as a statement for the purposes of medical diagnosis or treatment.

Detective Dame of the Newport News Police Department interviewed appellant regarding allegations that the child had been abused. While appellant denied hitting the child, the detective noted that appellant often avoided answering certain questions. The detective also noted that appellant did not seem concerned about the child's welfare. Appellant admitted that he had been the child's babysitter on the morning of June 30, 2015, but claimed that the child had no marks on him when the paternal grandmother picked him up at Taco Bell.

## II. ANALYSIS

### A. The Child's Statement to Father

Appellant argues that the trial court erred by admitting the child's statement to his father because the statement was hearsay and did not qualify as an exception to the hearsay rule. Specifically, he argues that the child's statement ("Torre hit me in the eye") was not admissible

as an excited utterance. We assume without deciding that the admission of the child's statement to his father was error.

## B. Non-Constitutional Harmless Error

As this case involves an alleged evidentiary error, we apply the provisions of Code § 8.01-678 to determine whether the non-constitutional error was harmless.[2] Code § 8.01-678 provides, in pertinent part:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any other error committed on the trial.

Virginia courts "have applied Code § 8.01-678 in criminal as well as civil cases." Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001) (citation omitted). "Under this standard, a non-constitutional error in a criminal case is harmless '[i]f, when all is said and done, . . . the error did not influence the [trier of fact], or had but slight effect.'" Anderson v. Commonwealth, 282 Va. 457, 467, 717 S.E.2d 623, 628 (2011) (quoting Rose v. Commonwealth, 270 Va. 3, 12, 613 S.E.2d 454, 458 (2005)). Stated another way, if "the alleged error substantially influenced" the trier of fact, the error is not harmless. Clay, 262 Va. at 259, 546 S.E.2d at 731.

---

[2] In appellant's brief, he argues that "the admission of [the child's] hearsay statements violated Mr. Russell's right under the Sixth Amendment to be confronted with the witnesses against him." However, appellant did not argue to the trial court, as he does on appeal, that the trial court's ruling admitting the father's hearsay testimony violated appellant's confrontation rights under the Sixth Amendment. See Rule 5A:18. "One of the tenets of Virginia's jurisprudence is that trial counsel must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review." Perry v. Commonwealth, 58 Va. App. 655, 666, 712 S.E.2d 765, 771 (2011). "While appellant timely objected to [] out-of-court statements on hearsay grounds, that objection did not preserve for appellate consideration the question of whether appellant's right to confront his accuser was violated." Id. at 673, 712 S.E.2d at 774. Accordingly, we analyze the issue within a non-constitutional harmless error framework.

Typically, courts review an error to determine if it is harmless by considering factors such as "(1) the importance of the tainted evidence in the prosecutor's case, (2) whether that evidence was cumulative, (3) whether there is evidence that corroborates or contradicts the tainted evidence on material points, and (4) the strength of the prosecution's case as a whole." Angel v. Commonwealth, 281 Va. 248, 264, 704 S.E.2d 386, 396 (2011). In considering whether an error was harmless, the error must be considered "in the context of the entire case." Montgomery v. Commonwealth, 56 Va. App. 695, 704, 696 S.E.2d 261, 265 (2010).

Upon review of the record, we find that the alleged error was harmless because the challenged testimony was cumulative of other evidence at trial. It is clear from the record that appellant objected to the admission of the statement the child made to his father that "Torre hit me in the eye" and thus preserved the question of whether such evidence should have been admitted for appellate review. However, Nurse Parks also testified that the child told her that "Torre hit me." While appellant did object to that testimony as well, there is no clear evidence in the record that the trial court actually excluded Nurse Parks's testimony. The trial judge did not state a clear ruling on that objection on the record or in any written order of the trial court.[3] In

---

[3] The parties seem to be operating under the assumption that the nurse's testimony about the child (and what he said to her) did not come into evidence. The trial court found that the child's statement to Nurse Parks was not an excited utterance. However, the trial court was unclear about whether the child's statement to the nurse was an exception to hearsay as a statement made for the purposes of medical diagnosis or treatment. At oral argument before this Court, the Assistant Attorney General said that "a fair interpretation of that [the record] is that the statement to the nurse was not admitted," despite the Assistant Attorney General's understanding that the trial court *did not* issue a clear ruling as to whether the nurse's statement was admissible as a medical statement exception to the rule against hearsay.

However, this Court's analysis must hinge on whether the trial judge actually ruled on appellant's objection and affirmatively excluded the evidence from the record – *not* on whether the parties below thought that the evidence had been excluded. The parties' subjective beliefs about what took place cannot influence our legal conclusion that the record reflects that the nurse's testimony was not excluded from the record because it was not ever specifically excluded by action of the trial court. It is axiomatic that testimony becomes a part of the record during a trial when a witness testifies under oath, regardless of whether such evidence *should have* been admitted, unless and until a trial court explicitly excludes such evidence. Taylor v.

contrast, the trial court's clear and final rulings on related evidentiary issues – such as its ruling admitting the statements the child made to his father and its ruling excluding the videotape – were articulated on the record in open court. Consequently, when viewing the record in the light most favorable to the Commonwealth, as we must since the Commonwealth prevailed below, we find that the trial court never actually ruled to exclude the nurse's testimony. See Wilkins v. Commonwealth, 64 Va. App. 711, 713, 771 S.E.2d 705, 706 (2015) ("[W]e consider the circumstances in the record in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court." (internal citation and quotation marks omitted)), aff'd, 292 Va. 2, 786 S.E.2d 156 (2016). While it is clear that the trial court found that the child's statement to Nurse Parks was not an excited utterance, it does not appear that the trial court actually ruled that the statement was not made for the purposes of medical diagnosis or treatment. The trial court stated, "I just don't think at this point I've heard evidence that would indicate that even considering the age, we are still within that framework of spontaneous or impulsive, startling to make it fit [as an excited utterance] for purposes of identification of the person who may have committed the act [–] *not necessarily though*, for the purpose of the diagnosis or the treatment" of the child. Viewing this statement in the light most favorable to the Commonwealth, as we must since the Commonwealth prevailed at trial, it does not appear that the trial court ever actually ruled to exclude the child's statement to Nurse Parks that appellant had hit the child (at least as a statement for the purposes of medical diagnosis or treatment). Appellant never informed the trial court that it had not fully ruled on his hearsay objection or asked the trial court for a more complete ruling. See Riner v. Commonwealth, 268 Va. 296,

---

Commonwealth, 208 Va. 316, 324, 157 S.E.2d 185, 191 (1967) (noting the obligation of objecting counsel to obtain a ruling from the trial court); Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993) (finding that failure to obtain a ruling precludes appellate review of an issue on appeal); cf. M.G. v. Albemarle County Dep't of Soc. Servs., 41 Va. App. 170, 189 n.10, 761, 770 n.10 (2003).

324-25, 601 S.E.2d 555, 571-72 (2004) (noting the objecting party's obligation to bring the fact that the trial court had not fully ruled on an objection to the court's attention). Because that testimony of the nurse was not excluded, we hold that the challenged statement of the child to his father was simply cumulative of other evidence presented at trial.

In this matter, our review of the transcript shows that the challenged statement of the child to his father was nearly identical to the child's statement to the nurse. Accordingly, even if we assume without deciding that the admission of the child's statement to his father that appellant had hit him was error, we conclude the challenged testimony was merely cumulative of other, nearly identical testimony made and not excluded at trial. In other words, the evidence challenged on appeal was clearly not an essential element of the prosecution's case when the trial court also did not exclude a nearly identical statement that the child had made to the nurse about who had struck him. Consequently, we find that any error in admitting the father's testimony was harmless.[4] See King v. Cooley, 274 Va. 374, 380, 650 S.E.2d 523, 527 (2007) (holding the exclusion of cumulative testimony could not have affected the jury's verdict and, thus, was harmless).

C. Sufficiency of the Evidence

When considering the sufficiency of the evidence presented below, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387

---

[4] In 2016, the General Assembly enacted Code § 19.2-268.3 to govern the admissibility of statements by children in certain cases, including violations of Code § 40.1-103. Although the statute had not become law at the time of appellant's trial (it became law on July 1, 2016), Code § 19.2-268.3 provides that "[a]n out-of-court statement made by a child who is under 13 years of age at the time of trial or hearing who is the alleged victim of an offense against children describing any act directed against the child relating to such alleged offense shall not be excluded as hearsay" provided that the trial court determines in a prior hearing that the statement is sufficiently reliable and the child testifies at trial. If the child is declared unavailable to testify, the out-of-court statement would be admissible "only if there is corroborative evidence of the act relating to an alleged offense against children." Code § 19.2-268.3.

(2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner, 268 Va. at 330, 601 S.E.2d at 574, "[w]e must instead ask whether '*any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,*'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

Appellant was convicted of a violation of Code § 40.1-103(A), which provides,

> It shall be unlawful for any person employing or having the custody of any child willfully or negligently to cause or permit the life of such child to be endangered or the health of such child to be injured, or willfully or negligently to cause or permit such child to be placed in a situation that its life, health or morals may be endangered, or to cause or permit such child to be overworked, tortured, tormented, mutilated, beaten or cruelly treated. Any person violating this section is guilty of a Class 6 felony.

On appeal, appellant simply argues that the Commonwealth failed to prove that the conduct alleged rose to the level of criminal negligence. In support of that argument, appellant contends that the child's injuries were minor, that the child was not taken to the hospital immediately, and that the child's injuries were not even observed immediately.

The Supreme Court interpreted the criminal negligence element of Code § 40.1-103(A) in Carosi v. Commonwealth, 280 Va. 545, 701 S.E.2d 441 (2010).

> Criminal negligence is established by showing that the defendant's acts or omissions were "of a wanton or willful character . . . show[ing] a reckless or indifferent disregard of the rights of others, under circumstances reasonably calculated to produce injury, or which make it not improbable that injury will be occasioned, and the offender knows, or is charged with the knowledge of, the probable result of [her] acts."

- 9 -

Id. at 556, 701 S.E.2d at 447 (internal citation omitted) (alterations in original). Whether a defendant's conduct is criminally negligent is usually a question for the trier of fact, unless reasonable minds could not differ. See, e.g., Noakes v. Commonwealth, 54 Va. App. 577, 586, 681 S.E.2d 48, 52 (2009) (*en banc*), aff'd, 280 Va. 338, 699 S.E.2d 284 (2010).

At trial, the evidence established that appellant was the criminal actor who struck the child. Dr. Knoop testified that the injuries to the child's face were caused by "nonaccidental trauma." Nurse Parks testified that she observed injuries on the child's arm that looked like the child had been grabbed with force. She also testified that she found blood in the child's mouth. The child was hit on his head – a delicate place to be injured, especially for a three-year-old child. Moreover, evidence established that the child was hit on both sides of his face with enough force to draw blood. Father also testified that the child was very upset hours after leaving the custody of appellant.

Under these circumstances, a rational factfinder could have concluded that criminal negligence had been proven beyond a reasonable doubt. Viewed in the light most favorable to the Commonwealth, the evidence established that appellant's actions of striking the three-year-old victim multiple times constituted willful and reckless behavior that was reasonably calculated to produce injury. Therefore, we find that the essential elements of criminal negligence were proven beyond a reasonable doubt, and we affirm the judgment of the trial court.

III. Conclusion

In summary, our review of the record leads us to the conclusion that the child's statement to his father was simply cumulative of Nurse Parks's testimony regarding a nearly identical statement the child made to the nurse. Thus, even if we assume without deciding that the statement to the child's father was erroneously admitted into evidence, we find that the challenged testimony was merely cumulative of the nurse's testimony that the trial court did not

rule should be excluded from the evidence at trial.  Consequently, any error in admitting the father's testimony was harmless.  Finally, we find that the evidence was sufficient for a rational trier of fact to find appellant guilty of the alleged offense.  Accordingly, for the foregoing reasons, we affirm appellant's conviction for cruelty and injury to a child in violation of Code § 40.1-103.

Affirmed.