*713 BEALES, Judge.
Robert Allen Wilkins (appellant) was convicted by a jury of third-offense petit larceny, a Class 6 felony under Code § 18.2-104. Appellant argues that the trial court “erred by allowing the jury to proceed when [appellant] was wearing his jail uniform.”
I. Background
On appeal, we consider the circumstances in the record in the light most favorable to the Commonwealth, “as we must since it was the prevailing party” in the trial court. Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004). The record here contains only a partial, excerpted transcript of appellant’s October 30, 2013 jury trial in the circuit court. The transcript abruptly begins with defense counsel’s statements that “the jail, or whoever it is, didn’t accept [appellant’s] pants” that had been presented to the jail administrators and that “I don’t have anything that will fit him.” The trial judge, seeking alternatives to appellant appearing before the jury in jail clothing, noted that “the public defender I think has a clothes closet, for lack of a better way to describe it, that they might could help you out.” The transcript establishes that the trial judge permitted a recess of some duration, although it is unclear from the record whether defense counsel acted on the trial judge’s suggestion concerning the Public Defender’s “clothes closet.”
After the recess concluded and some preliminary matters were discussed, defense counsel told the trial judge:
I would have an objection to Mr. Wilkins being brought before the jury. He’s wearing Portsmouth City Jail uniform clothes. They are kind of like a green, sort of scrub outfit. He is wearing black sneakers that I think they have the inmates wear. He’s got a visible bracelet on his left arm.
Mr. Wilkins’ lady friend and I spoke a number of times. She indicated she brought him clothing. First she brought it too soon. The jail wouldn’t accept it. Then she brought *714 him clothes this morning. They wouldn’t accept them. It had something to do with the hems taped up or something like this.
The trial judge ultimately overruled defense counsel’s objection. During the course of the jury trial, appellant departed the courtroom at his own request after engaging in disruptive behavior — including a threat to kill his defense counsel. The trial court then found:
I think he failed to produce clothes, which falls into what I view as a pattern of trying to avoid going to trial in this matter. This case has been pending since April. It has been continued three times. There ha[ve] been three lawyers, because the defendant has been dissatisfied with counsel. And even as late as yesterday he tried to get a continuance for what the Court viewed as no good reason. Obviously, he didn’t get a continuance, and I think the issue with the jail clothes is part of that pattern.
II. Analysis
On appeal, the conduct of a trial is generally reviewed for abuse of discretion, taking into account “the rights of the accused to a fair and impartial trial.” Miller v. Commonwealth, 7 Va.App. 367, 371, 373 S.E.2d 721, 723 (1988). “ ‘[O]nly when reasonable jurists could not differ can we say an abuse of discretion has occurred.’ ” Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting Thomas v. Commonwealth, 44 Va.App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh’g en banc, 45 Va.App. 811, 613 S.E.2d 870 (2005)). Furthermore, “ ‘the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed.’ ” Smith v. Commonwealth, 16 Va.App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).
Appellant argues that the trial court committed reversible error under Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, *715 48 L.Ed.2d 126 (1976), a case that involved very different circumstances than those here. In Estelle, the defendant requested to wear to trial his own clothes that were already being kept at the local jail where he was being held; however, the jail officials denied this request, apparently having offered no reason for doing so. Id. at 502, 96 S.Ct. at 1692. The defendant in Estelle instead “appeared at trial in clothes that were distinctly marked as prison issue.” Id. The United States Supreme Court rejected the defendant’s claim for habeas relief, holding that he failed to object at trial, while also explaining that “an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption [of innocence]” that is “so basic to the adversary system.” Id. at 504, 96 S.Ct. at 1693.
The Supreme Court of Virginia addressed the Estelle decision in Jackson v. Washington, 270 Va. 269, 619 S.E.2d 92 (2005), which like Estelle was a habeas corpus claim. Jackson alleged the ineffective assistance of counsel. In Jackson, the Supreme Court stated, “Beyond question, an accused, consistent with the constitutional right to a fair trial, may not be compelled to stand trial before a jury wearing clearly identifiable jail or prison clothes.” Id. at 276, 619 S.E.2d at 95. The Supreme Court explained in Jackson that “being compelled to appear before a jury in clearly identifiable jail or prison clothes may undermine the fairness of the fact-finding process and, thus, violate the accused’s fundamental right to a presumption of innocence while furthering no essential state interest.” Id. The Supreme Court added that it had not previously considered a case assessing “the impact upon a criminal trial of an accused being compelled to stand trial before a jury in jail or prison clothes,” which “suggested] the sensitivity and respect by the bench and bar of this Commonwealth for an accused’s right to a fair trial” and caused the Supreme Court to infer that “the incidence of such occurrence is rightfully rare.” Id. at 279, 619 S.E.2d at 97. However, the Supreme Court also stated that there is no “per se rule” in cases applying Estelle. Id. at 276, 619 S.E.2d at 95. As the Supreme Court explained in Jackson, “Whether an accused’s *716 due process rights have been violated turns on the determination whether his being made to appear before the jury in jail or prison clothes is the result of actual state compulsion, a determination the reviewing court makes on a case-by-case basis.” Id.
Therefore, on appeal, this Court must address — based on the particular circumstances in this case — whether appellant was compelled to appear before the jury in clearly identifiable jail clothing. Furthermore, as stated supra, it is appellant’s burden to present this Court with a record complete enough to demonstrate that the trial court abused its discretion in this manner. See Wansley v. Commonwealth, 205 Va. 419, 422, 137 S.E.2d 870, 872-73 (1964) (stating that the appellant “must present a sufficient record on which the court can determine whether or not the lower court has erred”). “The record must contain all evidence necessary and material for the appellate court to determine the existence of errors in the trial court transcript.” Id. at 422-23, 137 S.E.2d at 873.
Limiting our review simply to the material contained in the record on appeal, as we must, this Court cannot conclude the circumstances in the record that appellant has presented to us rise to the “particular evil proscribed” in Estelle — i.e., compelling the defendant to appear at a jury trial wearing distinctly identifiable jail clothing. 425 U.S. at 505, 96 S.Ct. at 1693-94; see Black’s Law Dictionary 276 (7th ed.1999) (defining “compel” as “[t]o cause or bring about by force or overwhelming pressure”).
First, the record on appeal is insufficient to establish “actual state compulsion.” Jackson, 270 Va. at 276, 619 S.E.2d at 95. We observe that, unlike in Estelle, the jail administrators here gave reasons for rejecting appellant’s request to wear clothing of his own at trial. Appellant’s “lady friend,” as defense counsel described her, first brought appellant’s clothing to the jail too soon for the jail’s administrators to take possession of it and then came to the jail on the day of trial with pants that had taped hems. At sentencing, the Commonwealth stated *717 that appellant’s personal clothing that his girlfriend had tried to deliver was “inappropriate.” Nevertheless, the excerpted trial transcript that is all we have before us on appeal from the trial does show that the trial judge “afforded [appellant] a reasonable opportunity to procure street clothes” by ordering a recess so that defense counsel could explore alternatives to the jail clothing, such as suggesting that defense counsel attempt to get clothing from the Public Defender’s Office. United States v. Hurtado, 47 F.3d 577, 581 (2d Cir.1995). Whether defense counsel actually pursued that alternative — or other potential alternatives — cannot be ascertained from the partial transcript in the record on appeal.[1]
“[A]n appellate court’s review of the case is limited to the record on appeal.” Turner v. Commonwealth, 2 Va.App. 96, 99, 341 S.E.2d 400, 402 (1986). The dissent claims that the Supreme Court “in Estelle makes it clear that if a defendant objects to facing a jury in jail attire the burden is on the Commonwealth, not on the defendant, to demonstrate from the record that a reasonable opportunity to secure alternative clothing was provided.” Contrary to this assertion, however, nothing in Estelle indicates that the Court made such a clear holding, or in fact even reached this issue. The facts in *718 Estelle are quite different from the instant case, most notably that the defendant in Estelle never raised an objection to being tried in jail clothes. In addition, as explained infra, in this case, we do have affirmative factfinding in the record on appeal that indicates the trial court’s reasons for ultimately denying appellant’s objections after granting a recess to see if civilian clothes could be found. Therefore, based on the record here, we cannot conclude that compulsion occurred within the meaning of Estelle. See United States v. Henry, 47 F.3d 17, 22 (2d Cir.1995) (“We see no compulsion, as the court did not affirmatively prevent Henry from wearing civilian clothing, but simply refused to excuse Henry’s failure to make proper arrangements despite receiving ample notice and opportunity.”).[2]
Second, viewing the circumstances in the record here in the light most favorable to the Commonwealth (as we must since it was the prevailing party below), the record fails to establish that appellant’s clothing at trial actually was clearly identifiable as jail clothing. See Estelle, 425 U.S. at 502, 96 S.Ct. at 1692 (“As a result, respondent appeared at trial in clothes that were distinctly marked as prison issue.”); see also United States v. Harris, 703 F.2d 508, 509 (11th Cir.1983) (“Harris was clothed in a white T-shirt and white jeans that were marked with the words ‘Department of Corrections’ or similar lettering.”). The record here contains only a somewhat vague description of appellant’s clothing (i.e., a green scrub outfit, black sneakers, and a bracelet), and the trial judge openly expressed skepticism over whether the jury would even identify appellant’s clothing as being a jail uniform. See Knott v. *719 State, 349 Md. 277, 708 A.2d 288, 295 (1998) (“Implicit in that analysis [underEstelle ] is that jurors could recognize Knott’s garb as that of a prisoner.”). Unlike this Court, which “reviews only a cold record,” Harris v. Woodrum, 3 Va.App. 428, 433, 350 S.E.2d 667, 670 (1986), the trial judge was actually present at the proceedings and his observations are entitled to deference on appeal. See generally Bradley v. Commonwealth, 196 Va. 1126, 1136, 86 S.E.2d 828, 834 (1955); cf. Henry, 47 F.3d at 22 (“We likewise defer to the [trial] court’s finding that a jury would not readily identify Henry’s MCC denim as prison issue.”).
Third, in this case, the trial judge plainly found as fact that appellant — who had churned through several court-appointed attorneys and had already obtained several continuances — was acting in bad faith. The trial judge made a specific finding of fact that appellant’s failure to produce appropriate clothing to wear at trial “falls into what I view as a pattern of trying to avoid going to trial in this matter.”[3] Under settled law, a trial court’s finding of fact is reviewed “with the highest degree of appellate deference,” Thomas v. Commonwealth, 48 Va.App. 605, 608, 633 S.E.2d 229, 231 (2006), and will be disturbed only if it was plainly wrong or without evidence to support it, Davis v. Commonwealth, 39 Va.App. 96, 99, 570 S.E.2d 875, 876-77 (2002); see Logan v. Commonwealth, 279 Va. 288, 292, 688 S.E.2d 275, 278 (2010) (stating that findings relating to bad faith “are binding upon appeal unless they are plainly wrong or without evidence to support them”). The record on appeal in this case fails to establish that the trial judge’s finding of bad faith was plainly wrong or without evidence to support it.
*720 Here, the trial judge in his findings from the bench expressly linked appellant’s course of conduct during the entirety of the trial proceedings with appellant’s objection to proceeding to trial in jail clothes.[4] The trial judge noted that appellant had gone through several court-appointed attorneys and had been granted several continuances. The record on appeal does not address the nature of those continuances. However, the trial judge also found that appellant had requested a continuance the day before trial for “no good reason.” Furthermore, the excerpted transcript of trial reveals that appellant acted in a disruptive manner on the trial date — requesting (while the jury was out of the courtroom) to leave the courtroom several times, accusing the trial judge of participating in a conspiracy, and threatening in open court to kill his defense counsel. Outside of the presence of the jury, defense counsel told the trial judge that appellant also threatened him during a recess, saying, “Be careful. It is dangerous out there, very dangerous out there.” Moreover, following the announcement of the jury’s sentencing verdict, appellant left the courtroom after saying, “My chest. My chest.” After the jury was relieved of its duties, defense counsel said that he hoped appellant’s “apparent episode was more drama.” The trial judge — who, of course, had witnessed all of appellant’s behav *721 ior — replied, “He didn’t look sick to me. He just looked like he wanted a ride.”
The trial judge’s observations about appellant’s conduct during the course of the entire litigation provide context for the trial judge’s finding that appellant’s complaint about wearing jail attire was part of appellant’s pattern of acting in bad faith. Furthermore, in addition to the trial judge’s remarks about appellant’s disruptive conduct during the litigation (which appellant has not disputed on appeal), the record indicates that the only potential defense witness in the guilt phase of the trial had already left the courthouse after being told that “this [case] was going to be continued” — even though defense counsel to that point had only told appellant that he was “going to try to get this continued.”[5] (Emphasis added). Based on this circumstance, a reasonable jurist could further infer that appellant was attempting to use defense counsel’s objection to appellant’s attire in order to gain yet another continuance following the departure of this potential defense witness.
As an appellate court, we do not reverse the trial court’s findings of fact unless they are plainly wrong or without evidence to support them. Given the inadequate, truncated record before us on appeal, we cannot say that the trial judge’s findings of fact — including its finding of bad faith — are plainly wrong and, as discussed supra, we certainly cannot say there is no evidence to support them.
Therefore, based on the totality of the circumstances in this particular appeal, we conclude that the record on appeal does not support appellant’s claim that the trial court committed reversible error under Estelle. Accordingly, we affirm appellant’s conviction. We deny as moot the Commonwealth’s motion for summary affirmance, which only applies to appeals of right. See Rule 5A:27.

Affirmed.

. For example, the record on appeal that appellant provides fails to indicate: (1) whether the jail administrators would have accepted appellant's pants if he had simply removed the tape from the hems; (2) whether, given defense counsel's statement in the trial court that the jail administrators rejected the pants brought by appellant's girlfriend (because the hems were taped), appellant could have worn the rest of the outfit that his girlfriend had brought him; (3) what became of the clothes that appellant was wearing when he was arrested, and whether he could have worn those clothes to trial; (4) whether the clothing appellant wore at trial was "distinctly marked” as Portsmouth City Jail clothing; (5) whether appellant's girlfriend could have brought another set of clothing during the recess that the trial judge had permitted: and (6) whether appellant even tried to contact his girlfriend or anybody else during the recess to ask for a set of clothing. While appellant's counsel on appeal (a different attorney than his trial counsel) made several assertions during oral argument on these subjects, counsel's assertions were made outside of the record on appeal, which counsel seemed to concede. This Court "cannot base its decision upon appellant’s petition or brief, or statements of counsel in open court.” Smith, 16 Va.App. at 635, 432 S.E.2d at 6.

. In fact, while the excerpted trial transcript reflects that defense counsel raised an objection under Estelle, it does not reflect that defense counsel made any request for a continuance after the objection was overruled. Defense counsel instead stated, “I’m ready to try the case.’’ Furthermore, while appellant told the trial judge that he was not ready to proceed with the jury trial, the transcript reflects that this statement was made in the context of his complaints about defense counsel. The trial judge asked appellant, “Is there any other reason that you are not ready to go to trial this morning?” Appellant replied, "Other than I wrote the bar on [defense counsel], no.”

. In Morrissett v. Commonwealth, No. 1296-98-1, 1999 WL 1129765, at *3, 1999 Va.App. LEXIS 287, at *7 (Va.Ct.App. May 18, 1999), an unpublished decision of this Court, the defendant did not prevail in an assignment of error alleging a violation of Estelle where "[t]he record suggested] that Morrisett was attempting to delay trial.” The circumstances in this case are not just suggestive of tin attempt by appellant to delay trial — rather, the trial judge here made that very finding of fact.

. In Martin v. Commonwealth, 11 Va.App. 397, 406, 399 S.E.2d 623, 628 (1990), this Court stated that when a trial court requires that a defendant be shackled or otherwise restrained in front of a jury, "a record must be made by the trial court which reflects the reasons for the choice of measures taken.” This case is distinguishable from Martin. In Martin, the defendant was actually shackled and gagged. Id. at 402, 399 S.E.2d at 625. Here, however, appellant was simply wearing a "green, sort of scrub outfit,” "black sneakers,” and a bracelet- — -attire that the trial judge, who saw the outfit, wondered whether it would even be clearly identifiable to a jury as jail clothing. Nevertheless, after permitting a recess to see if appropriate civilian clothes could be readily obtained for appellant, the trial court found that appellant's failure to obtain acceptable civilian clothing was the result of bad faith and part of appellant's pattern of trying to delay going to trial in this matter. Thus, the basis for the trial court's decision to proceed with trial even though appellant had not obtained appropriate civilian clothing, is set forth in the record.

. It is not clear from the record who told the defense witness that the case was going to be continued.