COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Causey and Senior Judge Haley
Argued at Richmond, Virginia

SABRE ABDUL SYKES, SOMETIMES KNOWN AS
 SA'BRE SYKES
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1084-21-2                        JUDGE JAMES W. HALEY, JR.
                                                         JULY 19, 2022
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Richard Strouse Wallerstein, Jr., Judge

Charles R. Samuels for appellant.

Jason D. Reed, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


The trial court convicted appellant of robbery and use of a firearm in the commission of a

felony. On appeal, appellant challenges an evidentiary ruling and the sufficiency of the evidence to

sustain his convictions. He also argues that the trial court abused its sentencing discretion. For the

following reasons, we affirm the trial court's judgment.

                                    BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v.

Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469,

472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true

all credible evidence favorable to the Commonwealth and all inferences that may reasonably be

drawn from that evidence. *Gerald*, 295 Va. at 473.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In February 2019, Erica Ballou went on a weekend vacation in Florida. Her sixteen-year-old son, R.W., stayed at home. The night after Ballou left, appellant called R.W. and "said he had a gun" for him. R.W. had a "good relationship" with appellant and considered him to be a "cousin." A few moments later, appellant and a man R.W. did not recognize walked through the door of Ballou's house. Once inside, appellant produced a handgun, aimed it at R.W., and said, "kick that shit little bro." R.W. understood that appellant was demanding money, so he gave appellant "four or five hundred dollars." R.W. surrendered the money to appellant because he was nervous and scared by the "gun [aimed] towards" him.

Appellant then handed the gun to the other man, who aimed it at R.W. and instructed him to "turn around." R.W. complied as appellant walked upstairs and into Ballou's room. After five to ten minutes, appellant returned to R.W. and asked, "where the iron at little bro?" When R.W. replied that Ballou had it, appellant and the other man left. R.W. went to his mother's room and saw that many of her belongings had been "thrown on the ground."

After returning from vacation, Ballou discovered that "one of [her] older wallets," which was "normally in [her] dresser drawer," was lying atop her dresser. Several items had been removed from her nightstand and were on the floor. In addition, a jar where Ballou collected change had been broken, $300 from the jar was missing, and change was "spread out" on the floor. R.W. told Ballou that he had been robbed and an "unknown male had a gun to [his] head." At appellant's trial, R.W. admitted that he initially lied to his mother and the police by stating that appellant "just came by to hang out" because he was worried "about getting in trouble." Two or three days later, however, appellant reported to the police that R.W. had been trying to buy a gun from appellant.

On February 22, 2019, Detective Joseph Bartol interviewed appellant at the Henrico police station. Appellant stated that R.W. tried to "buy a firearm" from a man named "Jay." Appellant

claimed he was with R.W. when Jay arrived, produced a firearm, and robbed R.W. Later, appellant admitted that he and "Jay" arrived together but claimed that Jay "turned the script on him and . . . robbed [R.W.]."

During Detective Bartol's testimony, the Commonwealth played portions of an audio recording of appellant's interview. When the Commonwealth moved to introduce the recording into evidence, the trial court asked whether it "need[ed] to accept the recording . . . as an exhibit" because the audio had been "recorded."[1] The Commonwealth agreed that admitting the recording as an exhibit was "not necessary."

After the close of the evidence and argument by counsel, the trial court convicted appellant of robbery and use of a firearm in the commission of a felony. The court "had [the] opportunity to judge the credibility of the witnesses and [found] beyond a reasonable doubt that" appellant was guilty of both offenses. The court ordered a presentence investigation report and continued the matter for sentencing.

During the presentence investigation, appellant reported that he had been diagnosed with "Attention Deficit Hyperactivity Disorder," depression, and a learning disorder. He claimed that after attempting suicide four times, he received inpatient mental health treatment and "follow up services with Henrico Mental Health."

At the sentencing hearing, the Commonwealth introduced Ballou's victim impact statement. Ballou wrote that R.W. suffered from "a lot of anxiety" since the robbery and "takes anxiety medication." She lamented that R.W. "has lost all trust in people," "doesn't feel safe," and is "afraid to be at home." Additionally, R.W. "refuses to go out in public" and "doesn't have friends"

---

[1] The trial transcript reflects that the audio recording was not transcribed. Instead, it states, "AN AUDIO RECORDING IS PLAYED BEFORE THE COURT."

because he "doesn't know if someone will retaliate against him for telling what happened." Ballou reported that approximately $900 was taken during the robbery.

The Commonwealth asked the trial court to order restitution and impose a total of three years of active incarceration. The Commonwealth suggested that three years was a "stiff penalty" that nevertheless provided "something to look forward to." Appellant joined the Commonwealth in asking for three years of active incarceration, emphasizing that he had been "in and out" of the Department of Juvenile Justice and suffered from "significant mental health problems." After reviewing the presentence investigation report and victim impact statement, the trial court sentenced appellant to five years of active incarceration. The court found that three years of incarceration was insufficient given the circumstances of the case: "a robbery with a firearm" that placed the victim "in legitimate fear." This appeal follows.

ANALYSIS

A. Audio Exhibit

Appellant argues that the trial court erred by "denying the admission as an exhibit" of the audio recording of Detective Bartol's interview of appellant because the court "erroneously believed [the recording] was being transcribed." He maintains that the court "allowed the recording to be played in open court, suggesting it was admitted, but then denied its introduction as an exhibit." Appellant, however, did not preserve his argument for appeal.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" *Brown v. Commonwealth*, 279 Va. 210, 217 (2010) (quoting *West v. Commonwealth*, 43 Va. App. 327,

- 4 -

337 (2004)).  "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose."  *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019).  "Not just any objection will do.  It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it."  *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

The record demonstrates that after playing the audio recording in open court, the Commonwealth, not appellant, moved for its admission into evidence.  Moreover, appellant did not object when the trial court decided to proceed without admitting the recording as an exhibit.  Accordingly, as appellant failed to ask that the recording be admitted into evidence or object when the trial court decided not to do so, he cannot argue for the first time on appeal that the decision was an abuse of the trial court's discretion.  Although there are exceptions to Rule 5A:18, appellant does not invoke them, and the Court will not apply the exceptions *sua sponte*.  *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*).

Notwithstanding the default, appellant argues that this Court cannot "adequately rule" on the sufficiency of the evidence without "knowing what was in th[e] recording."  Accordingly, he asks us to "remand the matter to the trial court to create a complete record."  It is well-established, however, that "it is appellant's burden to present this Court with a record complete enough to demonstrate that the trial court abused its discretion."  *Wilkins v. Commonwealth*, 64 Va. App. 711, 716 (2015) (citing *Wansley v. Commonwealth*, 205 Va. 419, 422 (1964)).  "The record must contain all evidence necessary and material for the appellate court to determine the existence of errors in the trial court transcript."  *Id.*

"The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment."  Rule 5A:8(a).  "When the appellant fails to ensure that the record contains transcripts or a written statement of

facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii). *See also Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000) (holding that "[t]his Court has no authority to make exceptions to the filing requirements" for transcripts "set out in the Rules" (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986))). Importantly, Rule 5A:8(d) provides that "[a]ny party may object to a transcript or written statement on the ground that it is erroneous or incomplete" by filing a notice of "such objection . . . with the clerk of the trial court within 15 days after the date the notice of filing the transcript . . . is filed in the office of the clerk of the trial court." The trial judge "must" rule on the notice of objection "[w]ithin 10 days" and may "include any accurate additions to make the record complete." Rule 5A:8(d)(3).

The record demonstrates that after the transcripts were filed in the trial court clerk's office, appellant did not file a notice of objection or ask the trial court to "include any accurate additions" to the transcript "to make the record complete" under Rule 5A:8(d). *Id.* By failing to assert his right to make indispensable evidence a part of the record, appellant has waived all arguments that involve that evidence on appeal. *See Smith v. Commonwealth*, 281 Va. 464, 469 (2011) (holding that "many cases contain issues that are not resolved on the merits in the appeal because of noncompliance with the appellate rules, including the rule relating to the filing of transcripts").

## B. Sufficiency of the Evidence

Although appellant alleges that the evidence was insufficient to sustain his convictions, he has not cited any authority to support his argument other than the standard of review governing challenges to the sufficiency of the evidence. Instead, the entirety of appellant's sufficiency argument reads: "Here [R.W.'s] statements to the police were acknowledged to be

false. Duplicity in statements from the only witness, combined with differences in the version of events by the other witnesses should have been sufficient to cause reasonable doubt."

An opening brief must contain "[t]he standard of review and the argument (*including principles of law and authorities*) relating to each assignment of error." Rule 5A:20(e) (emphasis added). "Unsupported assertions of error 'do not merit appellate consideration.'" *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) (citing *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008)). "[I]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Id.* at 746 (quoting *Sneed v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)). "Nor is it this Court's 'function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims.'" *Burke v. Catawba Hosp.*, 59 Va. App. 828, 838 (2012) (quoting *Fitzgerald v. Bass*, 6 Va. App. 38, 56 n.7 (1988) (*en banc*)). Accordingly, "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Bartley*, 67 Va. App. at 746 (quoting *Sneed*, 301 S.W.3d at 615); *Fadness v. Fadness*, 52 Va. App. 833, 851 (2008) (holding that when a party's failure to comply with Rule 5A:20 is "significant, they have waived their right to have these issues reviewed by this Court").

Appellant's failure to comply with Rule 5A:20 in this case is significant. His entire argument consists of two conclusory assertions that are unsupported by any legal analysis or authority. At best, he presents a "skeletal argument," which is insufficient to satisfy Rule 5A:20(e) and "leaves us without a legal prism through which to view his alleged error." *Bartley*, 67 Va. App. at 746. Accordingly, appellant's second assignment of error is waived. *See id.* at 745 (holding that an appellant's failure to comply with Rule 5A:20 was significant when he cited to only one case and "fail[ed] to support [his] argument with any legal analysis or authority").

- 7 -

## C. Sentencing Discretion

Appellant argues that the trial court abused its sentencing discretion by sentencing him to a total of five years of active incarceration. He contends that the trial court "failed to adequately consider [his] mental health issues . . . , including both treatment and voluntary and involuntary commitments." Instead, he argues, the court "avoided" his mental health issues and sentenced him above the discretionary sentencing guidelines' recommendation without explaining the deviation, "as required by law."

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). Accordingly, a judge's failure to follow the sentencing guidelines is "not . . . reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). Moreover, it is well-established that "when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). Here, appellant's sentences were within the ranges set by the legislature. *See* Code §§ 18.2-53.1 and 18.2-58.

It was within the trial court's purview to weigh appellant's mitigating evidence. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing

and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* The record demonstrates that the trial court considered the mitigating evidence appellant cites on appeal, including his "mental health issues." Balanced against that evidence, however, was appellant's use of a firearm to threaten and rob a juvenile, whose trust appellant violated. After considering all the circumstances, the trial court imposed the sentence that it deemed appropriate. That sentence did not exceed the statutory maximums for appellant's offenses, and our task is complete. *Id.* at 564-65; *Thomason*, 69 Va. App. at 99.[2]

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed*.

---

[2] We do not address appellant's argument that the trial court had an obligation to "develop the record *sua sponte*" "to appropriately rule on the impact of [his] mental health" because it exceeds the scope of his assignments of error. *See Kirby v. Commonwealth*, 264 Va. 440, 444-45 (2002) (declining to "notice" arguments not "encompass[ed]" by an assignment of error).