COURT OF APPEALS OF VIRGINIA

Present: Judges Fulton, Ortiz and Raphael
Argued at Norfolk, Virginia


CURTIS BENJAMIN HARRELL, III

v.     Record No. 0884-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JUNIUS P. FULTON, III
AUGUST 2, 2022


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Rufus A. Banks, Jr., Judge

Meghan Shapiro, Senior Assistant Public Defender (Virginia
Indigent Defense Commission, on briefs), for appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Harrell appeals his convictions of driving after forfeiture of license, third offense within ten

years and misdemeanor eluding. Harrell claims that the trial court: (1) erred by denying his motion

to dismiss due to destruction of body-worn camera recordings and (2) erred by denying his motion

to strike where the evidence was insufficient to prove he was driving a car. Harrell also asks us to

reverse, overturn, or modify this Court's precedent set in *Gagelonia v. Commonwealth*, 52 Va. App.

99 (2008), claiming that the ruling incorrectly applied United States Supreme Court precedent. We

affirm and reject the invitation to overturn existing precedent.

BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (*en banc*) (quoting *Commonwealth v.*

*Hudson*, 265 Va. 505, 514 (2003)). That principle requires us to "discard the evidence of the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (*en banc*) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

Harrell was arrested on September 5, 2019, for felony driving on a suspended license and eluding. His arrest followed an attempted traffic stop in Chesapeake. Chesapeake Police Officers Sawatzke and Weeks observed a black Ford Mustang, checked its license plate, and discovered that it was "inactive." Despite initiating their blue lights and sirens, the driver did not stop. The officers testified that the only occupant was the driver who was male with neck tattoos, a black hat, and a blue shirt. The vehicle turned onto Beechdale, and the officers lost sight of it. When they approached the intersection of Beechdale and Avondale, the officers saw the vehicle abandoned. Nearby, the officers saw Harrell, with neck tattoos and dressed consistently with their earlier observations, sitting on a porch where he was "breathing heavily" and "sweating." The officers arrested Harrell.

On August 21, 2020, defense counsel sent its order for discovery and inspection to the Commonwealth and subsequently filed a copy with the trial court. The discovery requested, in part, body camera footage from the incident. On October 9, 2020, the Commonwealth responded to Harrell's discovery requests and therein acknowledged the existence of body camera footage and that it was "requested" from the police department and would be produced upon receipt. When the Commonwealth followed up with the police department after it had not received the body camera footage by December 2020 it was informed that there was no body camera for either officer because "it has been 13 months and hadn't been properly preserved, so it deleted automatically from the system."

At trial, Harrell moved to dismiss the charges based on the prejudice incurred from the Commonwealth's failure to preserve the recordings. Harrell also moved to strike the Commonwealth's evidence as insufficient to prove that Harrell was driving the car. The trial court denied both motions. In denying the motion to dismiss, the trial court concluded that "not only did the Commonwealth not act in bad faith, the defendant failed to establish grounds for dismissal." This appeal follows.

## ANALYSIS

### I. Harrell's due process claim fails to satisfy *Gagelonia*.

Constitutional issues present questions of law reviewed *de novo* on appeal. *Wallace v. Commonwealth*, 65 Va. App. 80, 88 (2015), *aff'd mem.*, 292 Va. 1 (2016). To the extent such review involves underlying factual findings, those findings may not be disturbed unless "plainly wrong" or "without evidence to support them." *Wilkins v. Commonwealth*, 292 Va. 2, 7 (2016). "[T]here is no general constitutional right to discovery in criminal cases." *Martinez v. Commonwealth*, 42 Va. App. 9, 26 (2003). However, the Due Process Clause of the Fourteenth Amendment requires that criminal prosecutions comport with "prevailing notions of fundamental fairness," long interpreted by our courts to afford criminal defendants a meaningful opportunity to present a complete defense. *California v. Trombetta*, 467 U.S. 479, 485 (1984). Thus "a defendant is entitled to exculpatory evidence in the possession of the prosecution." *Martinez*, 42 Va. App. at 26. Under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, "due process requires that the prosecution disclose evidence favorable to the accused that is material to guilt or punishment." *Church v. Commonwealth*, 71 Va. App. 107, 117 (2019) (citing *Commonwealth v. Tuma*, 285 Va. 629, 634 (2013)).

As this Court noted in *Gagelonia*, *Brady* and its progeny pertain to exculpatory evidence still in the government's possession, of which the exculpatory value is known while *Trombetta*

and *Arizona v. Youngblood*, 488 U.S. 51 (1988), pertain to circumstances such as those implicated in this case, where the evidence is no longer in the government's possession. *Gagelonia*, 52 Va. App. at 114. In *Gagelonia*, this Court synthesized *Trombetta* and *Youngblood* and observed that:

> a defendant seeking a new trial on the basis of missing evidence formerly in the Commonwealth's possession must show that (1) the evidence possessed an apparent exculpatory value, (2) the defendant could not obtain comparable evidence from other sources, and (3) the Commonwealth, in failing to preserve the evidence, acted in bad faith.

*Id.* at 115.

At trial, the parties agreed that the exculpatory nature of the videos was unknown and that there was no "deliberately formed ill will" on behalf of the Commonwealth in deleting the footage. Now, on appeal, Harrell argues that the exculpatory nature of video footage was "apparently exculpable" rather than "potentially useful" at the time of destruction and that the failure of the police department to follow proper policy after the videos were requested should constitute bad faith. The Commonwealth challenges these arguments as not being properly preserved under Rule 5A:18. In response, Harrell argues that the ends of justice exception warrants this Court's consideration of his new arguments. We disagree. Harrell, like any other appellate litigant, must follow the rules of this Court. He may not approbate and reprobate his positions just because it suits him and his appeal. *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009) (quoting *Cangiano v. LSH Bldg. Co.*, 271 Va. 171, 181 (2006)). Further, "'[t]he ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220-21 (1997)). Under these circumstances, Harrell's arguments do not rise to the level of justifying application of the ends of justice exception.

Further, this Court finds Harrell's argument that the video was apparently exculpatory at the time of destruction to not only be new, but speculative.[1] As in cases involving untested DNA evidence, Harrell raises no more than the possibility that the footage would have exculpated him. *See Lovitt v. Warden*, 266 Va. 216, 241 (2003) (making clear that "the possibility that evidence could have exculpated a defendant depending on future testing results is not enough to satisfy the constitutional standard of materiality"). The evidence was, as the parties agreed at trial, potentially exculpatory. As in *Gagelonia*, Harrell did not show that the video had "apparent exculpatory value" at the time of destruction.[2] *Gagelonia*, 52 Va. App. at 115.

Further, Harrell cannot establish bad faith. "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process." *Youngblood*, 488 U.S. at 58. Although the destruction of body-worn camera recordings was certainly unfortunate, that is not the test. Bad faith must exist. At the trial court, defense counsel conceded that there was no bad faith by the police department. On appeal, Harrell argues that the police department's failure to follow its own procedure constitutes bad faith. In addition to being a newly raised argument on appeal, the record does not include enough information for this Court to properly review that issue. The record does not include a copy of the policy at issue to establish a deviation. To the contrary, the evidence in the record

---

[1] At trial, defense counsel characterized the video as "potentially exculpatory evidence, but we don't know [its value] because it is no longer with us to be considered."

[2] As to Harrell's second assignment of error, we decline the invitation to overturn *Gagelonia*. Such a decision would have to be made by this Court *en banc*. *Congdon v. Congdon*, 40 Va. App. 255, 265 (2003) ("Under Virginia law, a decision of one panel 'becomes a predicate for application of the doctrine of *stare decisis*' and cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court." (citing *Johnson v. Commonwealth*, 252 Va. 425, 430 (1996))). Although this panel could move *sua sponte* for an *en banc* hearing, we decline to do so as the facts in this case do not justify such action nor is scrutiny of *Gagelonia* necessary to resolve this matter. We do not, however, deem Harrell's request as waived by Rule 5A:18 as the trial court would not have had the discretion or ability under principles of *stare decisis* to unilaterally overturn *Gagelonia*.

reveals that the recordings are automatically deleted after thirteen months. If Harrell wanted to challenge that representation or reveal a more complete picture of what the actual procedure should have been, Harrell could have presented additional evidence at trial. Consequently, we are unable to address this argument as appellate courts "may act only upon facts contained in the record." *Jackson v. Commonwealth*, 44 Va. App. 218, 224 (2004). "[A]n appellate court's review of the case is limited to the record on appeal." *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986); *see also, e.g.*, *Wilkins v. Commonwealth*, 64 Va. App. 711, 717 (2015). "[F]ailure to furnish a sufficient record will result in an affirmance of the judgment appealed from." *Woods v. R.D. Hunt & Son, Inc.*, 207 Va. 281, 287 (1966).

Because of the lack of evidence in the record to scrutinize adherence to police policy, this Court cannot and does not analyze whether there was a deviation in police policy let alone whether such deviation constitutes bad faith. Instead, this Court—consistent with *Gagelonia*—is left to decide whether the evidence establishes that the Commonwealth acted in bad faith. Without clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts. *Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977). And here—in addition to the concession of defense counsel at trial that there was no bad faith—we find that there is no evidence in the record to support a finding of bad faith. So for this reason too, Harrell's claim fails under *Gagelonia*.

Given our findings that the evidence was not apparently exculpatory and the lack of bad faith, this Court finds it unnecessary to address whether Harrell could have obtained comparable evidence from other sources.

II. Sufficient evidence existed for the trial court to deny the motion to strike.

Harrell argues that the evidence was insufficient to prove that he was the driver of the elusive car.

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

At trial, Officers Sawatzke and Weeks testified about the events leading up to Harrell's arrest. They testified about the attempted traffic stop of a Ford Mustang with "GET AT ME" plates, which resulted in a police chase. They both testified that they observed the driver and sole occupant of the vehicle to be male with neck tattoos, a blue hat, and black shirt. Although they briefly lost sight of the vehicle, the officers proceeded in the same general direction until they found it abandoned. The officers then testified that they saw Harrell nearby with neck tattoos and dressed as observed earlier, "breathing heavily" and "sweating." The officers, recognizing Harrell as the driver, arrested him.

Considering these facts, there was evidentiary support for a reasonable finder of fact to conclude that Harrell was the driver of the vehicle. Accordingly, the trial court's ruling denying appellant's motion to strike was not plainly wrong or without evidentiary support.

## CONCLUSION

Because we find no bad faith on behalf of the Commonwealth and that the evidence was sufficient to convict Harrell, the circuit court's ruling is affirmed.

*Affirmed.*