COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Fulton and Lorish

MARSHALL STEPHENS

                                                MEMORANDUM OPINION*
v.      Record No. 1068-22-4                          PER CURIAM
                                                MARCH 21, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

(Robert L. Jenkins, Jr.; Bynum & Jenkins, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Matthew P. Dullaghan, Senior
Assistant Attorney General, on brief), for appellee.

Marshall Stephens appeals from his convictions for first-degree murder and using a firearm

in the commission of a felony, arguing the evidence was insufficient to sustain the convictions.

Because Stephens failed to timely file a transcript or statement of facts instead of a transcript

necessary to the appeal, we cannot address Stephens's assignment of error. *See* Rule 5A:8. After

examining the briefs and record, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm

his convictions.

BACKGROUND

A jury convicted Stephens of first-degree murder and using a firearm in the commission

of a felony. The trial court sentenced Stephens to life plus three years' imprisonment by order

entered on April 20, 2022, and Stephens filed a timely notice of appeal on April 29, 2022. The

---

\* This opinion is not designated for publication. *See* Code § 17.1-413.

notice of appeal stated that Stephens "ha[d] ordered from the court reporter who reported the case the transcript for filing as required by Rule 5A:8(a)."

On August 30, 2022, Stephens moved this Court to extend the deadline for his opening brief and appendix because this Court "ha[d] not received the trial transcripts as part of the record transmitted by the Circuit Court." Stephens did not move for an extension of the 60-day deadline for filing the transcripts in the trial court. This Court entered an order awarding Stephens an extension of time to file an opening brief, but the order did not extend the deadline to file transcripts.

Later, Stephens petitioned this Court to issue a writ of certiorari to the trial court "for the purpose of including the trial transcripts in the record." Stephens asserted that "[u]pon inspection of the record on appeal," he discovered that the transcripts "he intended to designate for inclusion in the Appendix were not included." Stephens also moved for another extension of time to file an opening brief. On October 4, 2022, Stephens filed the relevant transcripts in the trial court.

On October 12, 2022, this Court denied Stephens's petition for a writ of certiorari. We stated that "the particular transcripts at issue were not timely filed in the trial court" and Stephens "[was] actually seeking an extension of time in which to file the said transcripts." We held that under Rule 5A:8(a), "[t]his Court has no authority to extend the time to file the transcript if a motion to do so was not filed within 90 days after entry of final judgment." Accordingly, we denied Stephens's petition. In another order entered the same day, we granted Stephens until October 28, 2022, to file an opening brief. Stephens filed an opening brief on October 28, 2022. The Commonwealth responded, arguing that indispensable transcripts had not been filed.

ANALYSIS

Stephens challenges the sufficiency of the evidence to sustain his convictions. He asserts that while the evidence "*may* have established [his] presence in the area of the crime scene and his lack of candor in his communications with the lead detective," this is insufficient to prove that he committed the crimes. We cannot reach the merits of Stephens's arguments, however, because he failed to file the transcripts—or a written statement of facts rather than the transcripts—necessary for our review.

"[A]n appellate court's review of the case is limited to the record on appeal." *Wilkins v. Commonwealth*, 64 Va. App. 711, 717 (2015) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)), *aff'd*, 292 Va. 2 (2016). "It is appellant's burden to provide this Court with a record from which it can decide the issues in the case." *Clarke v. Commonwealth*, 60 Va. App. 190, 199 (2012). "In the absence [of a sufficient record], we will not consider the point." *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007) (alteration in original) (quoting *Jenkins v. Winchester Dep't of Soc. Servs.*, 12 Va. App. 1178, 1185 (1991)).

"The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). "This deadline may be extended by a judge of this Court only upon a written motion filed *within 90 days after the entry of final judgment*." *Id.* (emphasis added). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). Indeed, if "the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner*, 2

Va. App. at 99). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Id.* (quoting *Turner*, 2 Va. App. at 99).

Stephens filed the transcripts in the trial court on October 4, 2022, well more than 60 days after entry of the final judgment on April 20, 2022. Stephens did not file a statement of facts in lieu of the transcripts. And even if we construe his August 30, 2022 motion to extend the deadline for his opening brief and appendix (citing this Court's failure to receive the trial transcripts "as part of the record transmitted by the Circuit Court") as a motion to extend the time to file the transcripts, it was not filed within 90 days of the final judgment. *See* Rule 5A:8(a). Thus, the transcripts were not timely filed in the trial court and are not part of the appellate record.[1]

As Stephens challenges the sufficiency of the evidence supporting his convictions, a timely-filed transcript of the trial proceedings in which the evidence was introduced, or a written statement of facts in lieu of a transcript, is indispensable to resolving Stephens's sole assignment of error. Therefore, we cannot resolve Stephens's sole assignment of error because he failed to ensure that the record contained a timely-filed transcript, or a written statement of facts in lieu of a transcript. Rule 5A:8(b)(4)(ii). Accordingly, we affirm the trial court's judgment.

CONCLUSION

For the above reasons, we affirm the trial court's judgment.

*Affirmed*.

---

[1] Code § 19.2-321.1 permits a motion for delayed appeal in a criminal case in some cases, including where a "conviction has been affirmed for failure to file or timely file the indispensable transcript or written statement of facts as required by law or by the Rules of the Supreme Court."

- 4 -