COURT OF APPEALS OF VIRGINIA

Present: Judges Friedman, Callins and White

CAMRON MARQUIS JEFFRIES

MEMORANDUM OPINION*
v.     Record No. 0881-22-3          PER CURIAM
                                     MAY 9, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ROANOKE COUNTY
Charles N. Dorsey, Judge

(John S. Koehler; The Law Office of James Steele, PLLC, on brief),
for appellant.

(Jason S. Miyares, Attorney General; Stephen J. Sovinsky, Assistant
Attorney General, on brief), for appellee.

Following his no contest pleas, the trial court convicted Camron Marquis Jeffries of

aggravated malicious wounding and use of a firearm in the commission of a felony and sentenced

him to a total of fifty-eight years' incarceration with twenty-eight years suspended. On appeal,

Jeffries argues that the trial court abused its discretion by imposing a sentence "significantly in

excess of the sentencing guidelines where the evidence showed that [he] was functionally

developmentally disabled with an IQ of 57." Jeffries, however, failed to timely file the transcripts

or statement of facts in lieu of a transcript necessary under Rule 5A:8. Consequently, we cannot

consider the merits on any of his assignments of error. Accordingly, after examining the briefs

and record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Thus, we affirm the trial

court's judgment.

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

BACKGROUND

On December 6, 2021, Jeffries pleaded no contest to malicious wounding and use of a firearm in the commission of a felony. Jeffries was involved in a dispute with the victim, Harris; the following day he again encountered Harris at an apartment complex. Jeffries left, but returned and shot Harris from a vehicle. Harris was struck in the thigh and head resulting in serious injuries, including traumatic brain damage. The trial court accepted his pleas, convicted him of the offenses, ordered a presentence investigation report, and continued the matter for sentencing. At the May 27, 2022 sentencing hearing, Jeffries introduced a document titled, "Individualized Education Program," which was prepared by Roanoke County Public Schools in July 2021. The document recorded Jeffries's "cognitive deficits" and struggles within the traditional classroom environment. Following the sentencing hearing, the trial court sentenced Jeffries to a total of fifty-eight years' incarceration with twenty-eight years suspended.[1] Jeffries appeals.

## ANALYSIS

Jeffries contends that the trial court abused its discretion when it imposed a sentence "significantly in excess" of the sentencing guidelines. Jeffries argues that the trial court failed to consider his mitigating evidence, including his developmental challenges, remorse, and "efforts to reform." Finally, although Jeffries acknowledges that the transcripts were filed late, he argues that the record is sufficient to permit this Court to address the "merits of the appeal."

"On appeal, we presume the judgment of the trial court is correct." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). In addition, "[a]n appellate court's review of the case is limited to the record on appeal." *Wilkins v. Commonwealth*, 64 Va. App. 711, 717 (2015) (citing *Turner v.*

---

[1] The discretionary sentencing guidelines recommended a sentence of five years and eight months' imprisonment to twelve years and eight months' imprisonment, with a mid-point of ten years and seven months' imprisonment.

*Commonwealth*, 2 Va. App. 96, 99 (1986)), *aff'd*, 292 Va. 2 (2016). "It is appellant's burden to provide this Court with a record from which it can decide the issues in the case." *Clarke v. Commonwealth*, 60 Va. App. 190, 199 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)).

The record on appeal does not contain a timely filed transcript of Jeffries's guilty plea or sentencing hearings. A transcript of any proceeding or a written statement of facts becomes part of the record if filed in the trial court clerk's office within sixty days after entry of final judgment. Rule 5A:8(a) and (c). "When the appellant fails to ensure that the record contains transcripts or a written statement in lieu of transcript necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii). *See also Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000) (holding that "[t]his Court has no authority to make exceptions to the filing requirements" for transcripts "set out in the Rules" (quoting *Turner*, 2 Va. App. at 99)). The trial court convicted Jeffries by final order entered on May 27, 2022. Accordingly, under Rule 5A:8(a), a transcript had to be filed no later than July 26, 2022. *See* Rule 5A:8(a). Jeffries filed the transcripts in the circuit court on September 1, 2022. Thus, those transcripts are not part of the record.[2]

Jeffries argues on appeal that the trial court abused its sentencing discretion by giving "no consideration" to his mitigating evidence and imposing a sentence exceeding the sentencing guidelines despite his "acceptance of responsibility and effort[s] to reform himself and . . . overcome his intellectual challenges." Without the transcripts of the plea and sentencing

---

[2] On September 1, 2022, Jeffries filed a request for an extension of time to file late transcripts with this Court. On October 7, 2022, this Court denied Jeffries's motion as untimely. *See* Rules 5A:3(c) and 5A:8(a).

hearings, however, Jeffries's argument necessarily asks this Court to view his allegedly mitigating evidence in isolation, divorced from any aggravating evidence the Commonwealth may have presented at that same hearing. In addition, we cannot know whether Jeffries presented the specific arguments he advances on appeal to the trial court or if his appellate argument repudiates a position that he may have taken in the trial court, let alone whether the circuit court erred as he claims. *See* Rule 5A:18 (an appellate court will only consider arguments that were timely raised in the trial court); *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent positions during the course of litigation). Thus, after reviewing the record and the opening brief we conclude that a timely-filed transcript, or written statement of facts in lieu of a transcript, is indispensable to a determination of whether the trial court abused its discretion by imposing a sentence that exceeded the sentencing guidelines without considering Jeffries's mitigating evidence. *See Smith*, 32 Va. App. at 772; *Turner*, 2 Va. App. at 99-100. Accordingly, his argument is waived. Rule 5A:8(b)(4)(ii) ("When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered.").[3]

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed*.

---

[3] On appeal, Jeffries contends that "for reasons that are not clear on the record," the clerk of the trial court did not prepare a transcript of the video of the proceedings as requested by trial counsel. It is further alleged that, upon diligent inquiry of appellate counsel, the clerk's office prepared and transmitted a video transcript. Although the same was filed, it was not done so timely. *Cf*. Code § 19.2-321.1 (Where a criminal appeal cannot proceed because the transcripts were untimely due to an error of "the circuit court or an officer or employee thereof," the appellant may move to pursue a delayed appeal *after* the Court of Appeals denies the appeal for failure to file timely transcripts.).