COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Chaney and Senior Judge Annunziata

DANIEL LEE BOWMAN

v.      Record No. 1126-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 8, 2023

FROM THE CIRCUIT COURT OF CARROLL COUNTY
Brett L. Geisler, Judge

(William B. Vaughan, on briefs), for appellant.

(Jason S. Miyares, Attorney General; John Beamer, Assistant
Attorney General, on brief), for appellee.

Daniel Lee Bowman was convicted of eight counts of distributing a Schedule II controlled

substance to a minor and one count of obstruction of justice. On appeal, Bowman contends that

the trial court abused its discretion in failing to remove a certain juror from the jury pool, in

accepting sentencing guidelines that reflected that Bowman's eight mandatory minimum

sentences would run consecutively, and in finding that Bowman had not accepted responsibility

for his crimes. After examining the briefs and record before us on appeal in this case, we find that

we are unable to consider the merits of any of his assignments of error because Bowman failed to

timely file the transcripts (or a written statement of facts in lieu of a transcript) as required under

Rule 5A:8. Consequently, the panel unanimously holds that oral argument is unnecessary because

"the dispositive issue or issues have been authoritatively decided, and the appellant has not argued

that the case law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b);

Rule 5A:27(b). Therefore, we affirm his convictions.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

Bowman was convicted of eight counts of distributing a Schedule II controlled substance to a minor and obstruction of justice. On July 18, 2022, the trial court entered a final sentencing order in this case. The trial court sentenced Bowman to ten years of incarceration with five years suspended for each of the distribution convictions and six months in jail for the obstruction conviction.

Bowman noted his appeal to this Court on July 27, 2022. On September 16, 2022, Bowman moved this Court to extend the deadline to timely file the transcripts in this case. This Court granted Bowman's request, extending the transcript filing deadline to October 27, 2022. On October 21, 2022, Bowman moved this Court to grant him an additional extension of time to file the transcripts in this case. This Court again granted Bowman's request, extending the transcript filing deadline to December 1, 2022. On December 5, 2022, Bowman filed a third motion for extension of time to file the transcripts in this case, which this Court denied because "the motion was not filed by the previously-extended due date." Bowman eventually filed the transcripts with the trial court on January 3, 2023—169 days after the entry of the final order in this case. Bowman never filed a written statement of facts in lieu of the transcripts.[1]

ANALYSIS

"On appeal, we presume the judgment of the trial court is correct." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). In addition, "[a]n appellate court's review of the case is limited to the record on appeal." *Wilkins v. Commonwealth*, 64 Va. App. 711, 717 (2015) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)), *aff'd*, 292 Va. 2 (2016).

---

[1] On January 30, 2023, Bowman filed a motion for delayed appeal under Code § 19.2-321.1. This Court notified defense counsel that the motion for a delayed appeal was premature because this appeal was still currently pending and that, therefore, this Court would take no action upon the motion.

"It is appellant's burden to provide this Court with a record from which it can decide the issues in the case." *Clarke v. Commonwealth*, 60 Va. App. 190, 199 (2012). "In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alteration in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)).

Under Rule 5A:8(a), "[t]he transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay*, 60 Va. App. at 528 (alterations in original) (quoting *Turner*, 2 Va. App. at 99). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99); *see also Bay*, 60 Va. App. at 528-29. "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529.

Given that Bowman did not file his transcripts until 169 days after the entry of the final order and given that he did not file his transcripts within the additional time allotted by this Court, Bowman undoubtedly did not timely file the transcripts in this case. Thus, the record on appeal does not contain timely-filed transcripts of Bowman's trial on October 7 and 8, 2021, or Bowman's sentencing hearings on February 2, 2022, and May 25, 2022. After reviewing the record and the briefs in this case, we conclude that timely-filed transcripts, or a timely-filed written statement of facts in lieu of a transcript, are indispensable to a determination of Bowman's arguments raised on appeal. *See Smith v. Commonwealth*, 32 Va. App. 766, 772

(2000); *Turner*, 2 Va. App. at 99-100.  Therefore, we cannot reach the merits of his assignments of error.  Rule 5A:8(b)(4)(ii).  Consequently, we affirm Bowman's convictions.[2]

CONCLUSION

For the foregoing reasons, we do not disturb the judgment of the trial court.

*Affirmed.*

---

[2] In addition, we note that the trial court sentenced Bowman to the minimum sentences allowed under the statute.  Bowman was convicted of eight counts of distributing a Schedule II controlled substance to a minor, in violation of Code § 18.2-255.  That statute provides that "[a]ny person violating this provision shall upon conviction be imprisoned in a state correctional facility for a period *not less than 10* nor more than 50 *years* . . . .  *Five years of the sentence imposed* for a conviction under this section involving a Schedule I or II controlled substance . . . *shall be a mandatory minimum sentence*."  (Emphases added).  Here, the trial court imposed a sentence of ten years for each of Bowman's eight convictions under Code § 18.2-255 and suspended five years of each ten-year sentence.  Thus, Bowman was required to serve only five years of each sentence, which is the mandatory minimum under the statute.